UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT E. LOWY,

    Plaintiff,

vs.                                        CASE NO. 5:07cv187/RS/MD

GERMAN CREEK RESORTS, LLC,

    Defendant.
_____/

## ORDER

Before me is Defendant's Motion for Final Summary Judgment (Doc. 21) and Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment (Doc. 26).

### I. STANDARD OF REVIEW

Under Fed. R. of Civ. P. 56(c), summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a

genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed

facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. FACTS

Plaintiff expressed interest in purchasing a condominium from the Defendant.  On January 10, 2005, the Defendant sent Plaintiff a letter and the German Creek Resort – The Bluffs Condominium Purchase Agreement ("Condo Purchase Agreement").  The letter discussed information about the condominium and stated, in part:

> "Likewise, with your unit(s) being located in The Bluffs, you have the opportunity to purchase a slip in the Bluffs private marina.  These marina slips (12x30) have just been released and are available exclusively to the Bluffs owners only for $39,000.00, it will be on a first come, first serve basis."

Plaintiff argues that it was after reading this letter, he was convinced to purchase a boat slip from the Defendant.  On January 12, 2005, Plaintiff and Defendant entered into the Purchase and Sale Agreement of Boat Slips at German Creek

Resort, LLC – The Bluffs ("Boat Slip Agreement"). The first term of the Boat Slip Agreement states:

> "1. Agreement to Purchase and Sale. At the closing hereunder, subject to the terms, covenants and conditions of this Agreement, Seller shall sell to Buyer, and Buyer shall purchase from Seller, 1 private boat slip(s), which measure 12'x30' each."

On January 20, 2005, Plaintiff and Defendant entered into the Condo Purchase Agreement. The Condo Purchase Agreement provided, in part, "Operation of the public marina will require permitting by applicable government authorities that has not yet been obtained." Defendant argues that this put Plaintiff on notice that further permits were needed before the marina could be constructed. Over two years later, on April 6, 2007, Defendant sent a letter to Plaintiff offering to store his boat in the public marina or cancel the Boat Slip Agreement and refund his deposit of $9,750.00, since the private marina was still waiting on necessary permits in order to begin construction.

Plaintiff filed suit against Defendant alleging three (3) counts. Plaintiff alleged that Defendant committed fraudulent misrepresentation and fraud in the inducement when the Defendant stated that the "marina slips have just been released." Plaintiff argues that Defendant knew at the time this statement was made that it was false, and that Defendant intended to induce Plaintiff to enter into the Condo Purchase Agreement and the Boat Slip Agreement. The third count

against Defendant is for Rescission.  Rescission is not a cause of action, but an available remedy if the Plaintiff is successful on another count.

### III. ANALYSIS

The ultimate issue, in this case, is the meaning of "just been released." Defendant admits that at the time of making this statement, they had not yet applied for permits for the private marina.  In viewing this statement in the light most favorable to the non-moving party, a trier-of-fact could reasonably find the statement that the boat slips have "just been released" to be false.  This is a genuine issue as to a material fact.

However, Defendant sent a letter to Plaintiff, on April 6, 2007, offering to cancel the Boat Slip Agreement and refund his deposit in full.  If this offer remains valid, no controversy exists as to the counts alleged against the Boat Slip Agreement, and summary judgment would be appropriate.  I will withhold ruling on this matter until Defendant has confirmed or denied whether this offer remains effective.  Defendant is directed to file a response regarding the status of the offer to Plaintiff to cancel the Boat Slip Agreement by 11:00am E.S.T. on Thursday, March 20, 2008.

Defendant's last argument is that this action is barred by the economic loss rule.  Defendant correctly states that fraud and fraud in this inducement are barred

by Florida's economic loss rule, unless the conduct forming the basis of the fraud claim is separate and distinct from the conduct constituting a beach of contract. *Indemnity Insurance Company v. AM Aviation, Inc.*, 891 So.2d 532, 537 (Fla. 2004).  In this case, Plaintiff does not allege a breach of contract.  Plaintiff only alleges he relied on Defendant's false statement in entering into the Condo Purchase Agreement and the Boat Slip Agreement.  Thus, this action is not barred by the economic loss rule.

## IV. CONCLUSION

Defendant's Motion for Final Summary Judgment (Doc. 21) is:

1. DENIED as to Count I in regard to the Condo Purchase Agreement,

2. DEFERRED as to Count I in regard to the Boat Slip Agreement,

3. DENIED as to Count II in regard to the Condo Purchase Agreement,

4. DEFERRED as to Count II in regard to the Boat Slip Agreement, and

5. GRANTED as to Count III.

**ORDERED** on March 17, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**